UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MIRANDA L. CADY,

        Plaintiff,

v.                                                                                                  Case No.: 6:25-cv-805-WWB-RMN

ROBERT WAYNE PALMER, JR.,
MATTHEW HALLEM LEVY, MATTHEW
ANDRE HODGE, JOSE (MICHAEL) E.
VALDES, TRACY ANN BEACH
MEULMAN, LUIS MIGUEL FERMIN,
LAB LUXURY 1–10, LLCs, LISTING
POWER TOOLS, INC., PALMER
HOLDINGS, LLC, ROBERT PALMER
COMPANIES, INC., LPT REALTY
FLORIDA NETWORK, LLC, LPT
REALTY, LLC, APERTURE LIFESTYLE
REAL ESTATE, LLC, LPT
INTERNATIONAL REALTY, LLC,
ELITEVIEW MEDIA, LLC, APERTURE
GLOBAL REAL ESTATE, LLC and
JOHN DOES 1–10,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 2). Therein, Plaintiff seeks a temporary restraining order or, in the alternative, a preliminary injunction, enjoining Defendants from the use, dissemination, reproduction, or alteration of Plaintiff's intellectual property, from launching brands, platforms, and services allegedly derived from the same, and freezing Defendants' corporate and personal assets. (*Id.* at 6).

Plaintiff Miranda L. Cady alleges that she spent several years developing Luxury Affiliate Brokerages, which includes Defendants LAB Luxury 1–10 LLCs. (Doc. 1 at 4). In December 2022, Plaintiff was "formally granted equity and executive authority over LABs (Luxury Affiliate Brokerages), LAB Luxury 1–10, LLCs, and all luxury verticals." (*Id.*). This equity grant included forty percent equity and executive authority and a contractual option to acquire additional equity. (*Id.* at 5). Between 2022 and 2024, Plaintiff "authored the segmentation models, digital assets, onboarding systems, and branding that became the foundation of the company's luxury platform." (*Id.*). Defendants Robert Wayne Palmer, Jr., Matthew Andre Hodge, Matthew Hallem Levy, Tracy Ann Beach Meulman, Luis Miguel Fermin, and Jose (Michael) E. Valdes then excluded Plaintiff from efforts to "repackage" Plaintiff's work into a successor entity "without attribution, consent, or buyout." (*Id.*). Plaintiff was terminated from her employment by an agreement which omitted her equity interest and did not transfer any rights in Plaintiff's intellectual property. (*Id.*). Plaintiff alleges that her intellectual property and work product continues to be misappropriated and used without consent, attribution, or compensation. (*Id.* at 4–5). Plaintiff accordingly brings this suit, citing the "Securities Exchange Act (stockholder rights), Copyright Act, Trade Secret Theft, Wire Fraud, Lanham Act (false designation), [and] Fair Labor Standards Act (retaliation)." (*Id.* at 3).

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." To obtain a temporary restraining order, the movant must

2

establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Additionally, the moving party must present facts and evidence stating why "notice is impractical." M.D. Fla. R. 6.01(b)(2).

The Court concludes that at this juncture, Plaintiff's Motion fails. As an initial matter, Plaintiff fails to present facts or identify evidence stating why notice to defendants is impractical as required by Local Rule 6.01(b)(2). The Motion similarly fails to identify any efforts made to give notice or reasons why notice should not be required under Federal Rule of Civil Procedure 65(b)(1)(B). The Court could deny the Motion on these grounds, but both the Motion and the Complaint suffer from additional substantive defects. In the Complaint, Plaintiff fails entirely to separate her claims into separate counts for relief, and instead groups all factual allegations together and merely references several statutes Defendants have allegedly violated. (Doc. 1 at 3–5; Doc. 1-2 at 1). Although Plaintiff provides some additional information as to the factual basis for this suit in the Motion (Doc. 2 at 2–3) and her Verified Declaration (Doc. 3), the Court must nonetheless speculate as to the precise nature of her claims. Without any identified claims, and thus without any legal standards, it is impossible for the Court to determine whether the allegations in the Complaint, the Motion, and the Verified Declaration can establish a substantial likelihood of success on the merits. Moreover, even if the Complaint were more effectively pleaded, the Motion would still fail for its failure to

3

develop argument, cite to supportive authorities, and point to specific facts showing immediate irreparable harm. (*See generally* Doc. 2); Fed. R. Civ. P. 65(b)(1)(A).

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** that Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on May 9, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

4